**ALLIED AVIATION FUELING COMPANY OF MINNESOTA, Appellant,**

**v.**

**DOVER CORPORATION, Respondent,**

**Leslie Miller Construction Company, Defendant,**

**and**

**DOVER CORPORATION, Defendant and Third Party Plaintiff,**

**v.**

**TULSA SCREW PRODUCTS, INC., and Standard Pressed Company, Third Party Defendants.**

**No. 48134.**

Supreme Court of Minnesota.

Jan. 11, 1980.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, James F. Roegge, Faegre & Benson, James M. Samples, and Jack M. Fribley, Minneapolis, for appellant.

Lasley, Gaughan, Reid & Stich, M. W. Gaughan, and Robert T. Stich, Minneapolis, for respondent.

Heard before SHERAN, C. J., PETERSON and TODD, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal from a judgment for defendant Dover Corporation following an order directing a verdict in its favor entered at the close of plaintiff's evidence adduced in an action for damages caused by an allegedly defective product supplied by defendant.[1] We affirm.

In January 1962, the Leslie Miller Construction Company completed installation of an airplane fueling system at the Minne-

---

1. By order dated July 7, 1978, Leslie Miller Construction Company was dismissed from the case pursuant to stipulation dated June 6, 1978.

apolis/St. Paul International Airport for plaintiff Allied Aviation Fueling Company of Minnesota, Inc. Nine years of continuous use and possession later, in February 1971, over 200,000 gallons of fuel escaped from this system with resulting economic loss. The fuel escaped because of the failure of a ten inch "Norris" butterfly valve sheltered in a concrete pit about ten feet square and four feet deep covered by removable metal plates, each weighing about 200 pounds.

The valve was supplied by defendant Dover Corporation. It failed because a shaft located on the bottom of it dropped out leaving a 1⅜″ hole in the fuel line. This shaft fell because a horizontal carbon steel spring pin designed to hold it in place sheared, allowing the shaft to drop downward. The pin had a rated shear strength of 4400 pounds, and it is undisputed that the pin failed because the valve encasing it had been struck from above with great force. The specific mechanics by which this force was applied to the valve are unknown.

Allied had a valve failure like the one here involved in 1969 when a 200 pound metal plate covering a concrete valve pit fell and struck a "Norris" butterfly valve causing the pin to shear, which permitted the shaft to drop out in a way like the occurrence of February 28, 1971. It knew from that experience that employment of a "saddle" would prevent such an occurrence.

Allied was experienced in the installation of fuel systems and the specifications for the 1962 "Norris" butterfly valve installation were approved by its own consulting engineers and architects.

· On appeal, the issue is whether the trial court properly directed a verdict for defendant after having rejected proferred expert testimony with respect to defendant's responsibilities as supplier of the valve.

■ 1. Plaintiff failed to establish a factual basis for a finding based on strict liability. The evidence is undisputed that Allied was a skilled and experienced user of valves of the kind in question and knew that a blow of the kind to which the failed valve was admittedly subjected would cause the pin to shear, dropping the shaft so as to permit escape of the fuel. The doctrine of strict liability does not apply in such a situation. *See McCormack v. Hankscraft Co. Inc.*, 278 Minn. 322, 154 N.W.2d 488 (1967); *Magnuson v. Rupp Manufacturing Inc.*, 285 Minn. 32, 171 N.W.2d 201 (1969); *Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 179 N.W.2d 64 (1970).

■ 2. Plaintiff failed to establish that negligence on the part of defendant proximately caused the damage sustained by it. No evidence was received which would support a finding that the use of a pin to support a valve shaft was negligent as of the time when this unit was supplied to Allied by Dover. The failure of defendant to notify plaintiff of its experiences indicating the tendency of the pin to shear when subjected to violent impact could not be considered the proximate cause of the loss in this situation where Allied, a skilled and sophisticated user, had acquired this knowledge on the basis of its own experience several years before this accident happened. *Magnuson v. Rupp Manufacturing Inc., supra.*

■ 3. The most significant question raised by this appeal is whether the trial court erred in refusing to accept the testimony of an acknowledged expert which, according to the offer of proof, would have been to the effect that the design of the valve was deficient in that the shear pin could not withstand the effect of a severe blow to the valve housing and that reasonable care on the part of a manufacturer requires that failures in use be anticipated and avoided. In our view, the broad discretion of the trial judge with respect to the admissibility of the opinions of experts was not exceeded in this case for the following reasons:

A. The cause of the failure of the valve in February 1971 is established by the evidence without the aid of the expert's opinion and to this extent the proferred testimony was cumulative, adding nothing to the case.

B. The fact that the manufacturer of the valve could have guarded against a failure caused by abnormal use (i. e., the application of extraordinary force to the housing) could not be found the proximate cause of the loss sustained by this plaintiff where, according to the undisputed evidence, it was specified by agents for the plaintiff who, for a period of at least two years prior to the accident, had certain knowledge that exposure of the valve housing to trauma of the kind to which it was concededly subjected would result in a collapse of the exact kind which was experienced on February 28, 1971. *See Halvorson v. American Hoist & Derrick Co.,* 307 Minn. 48, 240 N.W.2d 303 (1976); *Westerberg v. School District No. 792,* 276 Minn. 1, 148 N.W.2d 312 (1967); *Lovejoy v. Minneapolis-Moline Power Implement Co.,* 248 Minn. 319, 79 N.W.2d 688 (1956).

We do not find in the offer of proof disclosed by the record adequate justification for reversal of the trial court's determination in this regard.

Affirmed.